**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 8409
Jsc@cogburnlaw.com
BYRON E. THOMAS
Nevada State Bar No. 8906
Bthomas@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JULIE CHRISTENSEN, an individual, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., a foreign corporation; and DOES I through X, inclusive; ROE CORPORATIONS, I through X, inclusive.<br><br>Defendants. | Case No: 2:12-cv-00021<br><br>**EX PARTE MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT RECONTRUST COMPANY, N.A.'S MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE TO DISMISS (FIRST REQUEST)** |

Plaintiff, Julie Christensen, by and through her attorneys of record the law firm of Cogburn Law Offices files this Ex Parte Motion for Extension of Time to Respond to Defendant Recontrust Company, N.A.'s Motion to Strike Plaintiff's Second Amended Complaint or in the Alternative to Dismiss (the "Request for Extension"). This is Plaintiff's first request for an extension. Plaintiff's response is due today March 29, 2012. Plaintiff requests anextension to April 2, 2012 to file her response.

A. <u>Relevant Facts</u>

1. On or about March 12, 2012, Defendant Recontrust filed a Motion to Strike Plaintiff's Second Amended Complaint or in the Alternative to Dismiss ("Motion to Strike"). Dkt # 21.

2. Plaintiff's response is due today March 29, 2012. Plaintiff will not be able to

complete the response today March 29, 2012. Therefore, Plaintiff files this timely request to extend the deadline to file its response to April 2, 2012.

### B. Request for Extension of Time

Plaintiff's response is due today March 29, 2012, therefore this request is timely. Federal Rule of Civil Procedure 6(b) provides:

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the ... a request is made, before the original time or its extension expires
> ...

Courts interpreting FRCP 6(b) have held the rule "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ananchian v. Xenon Pictures, Inc.* 624 F.3d 1253, 1258-59 (9th Cir. 2010) quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976); *see also* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Local Rule 6-1(b) in relevant part states that "[e]very motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested."

In the instant case there was a calendaring error and a miscommunication concerning responsibility for drafting the response to Defendant's Motion to Strike. See Exhibit 1. Counsel for Plaintiff has diligently attempted to complete the response by the current deadline but is unable to do so. Id.

Plaintiff has filed a timely request so the heightened standards for review of a request for an extension of time pursuant to Local Rule 6-1(b) and Fed. R. 6(1)(B) do not apply. However, Plaintiff respectfully submits that the request would satisfy the heightened standards. In evaluating a late filed request to extend time a court must consider: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and the potential impact on the proceedings; (3)

the reason for the delay, and (4) whether the conduct was in good faith. *Moradi v. Adelson*, No. 11-00595, Docket #50 at 2 (D. Nev. 2011), *citing Ahanchian* at 1261-62 (applying the foregoing balancing test to hold that a district court erred in refusing to accept a filing that was three days late due to a calendaring error); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (holding that a delay in filing caused by counsel's mistake when calendaring the filing deadline constituted excusable neglect and that the district court erred in failing to consider the foregoing factors before denying the party's requested extension); *Kendall v. Nevada*, No. 3:08-cv-521-LRH-VPC, 2010 WL 276679 (D. Nev. Jan. 15, 2010) (finding excusable neglect for a two-day delay in filing an opposition to a dispositive motion where counsel erred in calculating the response deadline, but there was no indication of bad faith and little risk of prejudice to the other party), *rev'd on other grounds, Kendall v. Wallace*, No. 10-15223, 2011 WL 1979599 (9th Cir. 2011).

### a. Danger of Prejudice

There is no danger of prejudice to Defendant. No hearing date has been set on Defendant's Motion to Strike. Therefore, they would have the full ten (10) days allotted by the rules to respond. The parties have not reached the deadline to file a discovery plan as of yet.

The Ninth Circuit has stated its preference for adjudicating claims on the merits, largely in the name of judicial economy. *Moradi v. Adelson*, No. 11-00595, Docket #50 at 3 (D. Nev. 2011) *citing, Molfetta v. Time Ins. Co.*, No. 2:07-cv-01240-JCM-LRL, 2010 WL 2041703, at *1 (D. Nev. May 17, 2010) ("Due to the judicial preference of adjudicating issues on the merits, the court has exercised its discretion and considered Plaintiff's untimely opposition, and all arguments presented therein."); and *cf. Dayton Valley Investors, LLC v. Union Pac, RR Co.*, 664 F. Supp. 2s 1174, 1179 (D. Nev. 2009) (finding good cause for allowing a belated summary judgment motion where the Court would "eventually address" the issues raised in that motion).

### b. Length of Delay and Potential Impact of Case

Plaintiff's response to the Motion to Strike is due to today March 29, 2012. Plaintiff is only seeking an additional four days, two of which fall on the weekend. In, *Pincay* the Court held that a 24-day delay in filing a notice of appeal was "excusable neglect". *Moradi v. Adelson*,

Page 3 of 7

1  No. 11-00636, Docket #50 at 3-4 (D. Nev. 2011) *citing Pincay*, 389 F.3d at 855. Finally, just as in *Moradi*, the delay in filing will have no effect on the timing of the ultimate resolution of the matter. *Id. citing Ahanachian*, 624 F.3d at 1262 ("the length of delay was a mere three days; filing the opposition then would not have adversely affected either the summary judgment hearing date, which was ten days away, or the trial, which was two and a half months away.").

c. Reason for Delay

As stated above, there was a calendaring error and a miscommunication concerning responsibility for drafting the response to Defendant's Motion to Strike. Counsel for Plaintiff has diligently attempted to complete the response in a timely fashion but is unable to do so.

d. Good Faith

Plaintiff does not seek to gain any advantage, nor could she. As previously stated no hearing date has been set on the Motion to Strike, and we are early in the case. The parties have not even begun discovery.

Dated this $29^h$ day of March, 2012.

COGBURN LAW OFFICES

By: _____
Jamie S. Cogburn, Esq.
Nevada State Bar No. 8409
Byron E. Thomas, Esq.
Nevada State Bar No. 8906
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*

**ORDER**

IT IS SO ORDERED March 30, 2012.

_____
UNITED STATES DISTRICT JUDGE



Case 2:12-cv-00021-JCM -GWF   Document 23   Filed 03/20/12   Page 5 of 8

**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 8409
Jsc@cogburnlaw.com
BYRON E. THOMAS
Nevada State Bar No. 8906
Bthomas@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JULIE CHRISTENSEN, an individual, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., a foreign corporation; and DOES I through X, inclusive; ROE CORPORATIONS, I through X, inclusive.<br><br>Defendants. | Case No: 2:12-cv-00021<br><br>**DECLARATION OF BYRON E. THOMAS ESQ. IN SUPPORT OF THE EX PARTE MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT RECONTRUST COMPANY, N.A.'S MOTION TO STRIKE PLAINTIFF SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE TO DISMISS (FIRST REQUEST)** |

1. I am a an associate attorney with Cogburn Law Offices, I am licensed to practice in the State of Nevada and I am counsel for Plaintiff in the above captioned action. I am competent to testify in this proceeding.

2. I make this Declaration based on my personal knowledge and in support of the Ex Parte Motion for Extension of Time to Respond to Defendant Recontrust Company, N.A.'s Motion to Strike Plaintiff's Second Amended Complaint or in the Alternative to Dismiss (First Request) (the "Ex Parte Motion").

///

///

///

///

3. In the instant case there was a calendaring error and a miscommunication concerning responsibility for drafting the response to Defendant's Motion to Strike. I have diligently attempted to complete the response by the current deadline but I am unable to do so. Id. I make this request for extension in good faith and not for any improper purpose.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __29th___ day of March.

By: _____
Byron E. Thomas

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 9555 S. Eastern Ave., #280, Las Vegas, NV 89123. On March 29, 2012, I served the within document(s):

**EX PARTE MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT RECONTRUST COMPANY, N.A.'S MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE TO DISMISS (FIRST REQUEST)**

☐ By **U.S. Mail** a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ By **CM/ECF Filing** – with the United States District Court of Nevada, a copy of the Court's notification of e-filing is attached to the hard copy for either faxing, mailing, overnight delivery, and/or hand-delivery.

☐ By **Facsimile Transmission** – the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is **attached** to the hard copy. The names and facsimile numbers of the person(s) served are as set forth below.

☐ By **Overnight Delivery** – by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ By personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

**Akerman Senterfitt**
**Jacob D. Bundick, Esq.**
**1160 Town Center Drive, Suite 330**
**Las Vegas, Nevada 89144**

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Byron E. Thomas
An employee of Cogburn Law

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX:(702) 943-1936

Page 7 of 7