1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

| JULIE CHRISTENSEN, | 2:12-CV-21 JCM (GWF) |

8

JULIE CHRISTENSEN,

9                    Plaintiff,

10    v.

11    RECONTRUST COMPANY, N.A., et al.,

12                    Defendants.

13
14
15                    **ORDER**

16        Presently before the court is defendant ReconTrust Company, N.A.'s motion to dismiss

17    plaintiff Julie Christensen's first amended complaint.  (Doc. #10).  Ms. Christensen has filed an

18    opposition (doc. #18), to which ReconTrust has replied (doc. #20).

19        Also before the court is defendant ReconTrust's motion to strike Ms. Christensen's amended

20    complaint.  (Doc. #21).  Ms. Christensen has filed an opposition.  (Doc. #27).

21        The complaint in this matter was originally filed on January 6, 2012.  Plaintiff then filed an

22    amended complaint on January 9, 2012.  Plaintiff's amended complaint was ostensibly filed pursuant

23    to Fed. R. Civ. P. 15(a).  Rule 15(a) allows a party to amend its pleading once as a matter of course.

24    Specifically, the rule states:

25        (a) AMENDMENTS BEFORE TRIAL.

26            (1)    *Amending As a Matter of Course.*  A party may amend its pleading once as

27                    a matter of course within:

28

**James C. Mahan**
**U.S. District Judge**

1    (A)    21 days after serving it, or

2    (B)    if the pleading is one to which a responsive pleading is required, 21

3            days after service of a resoponsive pleading or 21 days after service

4            of a motion under Rule 12(b), (e), or (f), whichever is earlier.

5    On January 30, 2012, ReconTrust moved to dismiss the complaint.  In her opposition to the

6    motion to dismiss, Ms. Christensen made a single argument.  She explained that because she

7    intended to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), the amended

8    complaint would render the motion to dismiss moot.  On February 23, 2012, Ms. Christensen filed

9    her amended complaint.  This court must determine if the amendment was proper and whether it

10   moots the instant motion to dismiss.

11   As the prefatory language found at Rule 15(a)(1) makes abundantly clear, "a party may

12   amend its pleading *once* as a matter of course. . ."  Here, Ms. Christensen already exercised that

13   option when she amended her pleading pursuant to Rule 15(a)(1)(A) on January 9, 2012.  Any

14   subsequent amendments to the pleadings Ms. Christensen wished to have made must have been with

15   the written consent of the opposing party or with leave of court.  *See* Fed. R. Civ. P. 15(a)(2); *see*

16   *also*, *Sackett & Kvan, Inc. v. Beaman,* 399 F.2d 884, 889 (9th Cir. 1968) ("Since [plaintiff] had

17   already amended his complaint once, and since [defendant] did not consent to the filing of the

18   proposed new pleading, [plaintiff] could file a second amended complaint only by leave of court[.]").

19   Ms. Christensen's February 23, 2012, amended complaint was not made with the written consent of

20   ReconTrust or by leave of court.  Accordingly, the February 23, 2012, amendment was improper and

21   must be struck from the record.

22   ReconTrust argues that because Ms. Christensen failed to oppose the substance of its motion

23   to dismiss, she has conceded that dismissal is appropriate.  Indeed, this court recognizes that under

24   The Local Rules of Civil Practice for the District of Nevada, "the failure of an opposing party to file

25   points and authorities in response to any motion shall constitute a consent to the granting of the

26   motion."  LR 7-2(d).

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1        In the absence of an amended complaint, ReconTrust's motion to dismiss is rendered

2 effectively unopposed.  Accordingly, this court finds itself constrained to grant the motion and

3 dismiss the complaint.

4        Accordingly,

5        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

6 dismiss (doc. #10) be, and the same hereby is, GRANTED.

7        IT IS THEREFORE ORDERED that the plaintiff's complaint be, and the same hereby is,

8 DISMISSED without prejudice to the filing of a new action.

9        IT IS FURTHER ORDERED THAT defendant's motion to strike plaintiff's amended

10 complaint (doc. #21) be, and the same hereby is, GRANTED without prejudice.

11        The clerk of the court shall enter judgment for defendant accordingly.

12        DATED April 6, 2012.

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 3 -